1                                                                                   KM

2   **WO**

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Joseph Scott Turner,                          No.  CV 14-2810-PHX-DGC (ESW)

10                      Plaintiff,

11  v.                                             **ORDER**

12  Charles L. Ryan,

13                      Defendant.

14

15          Plaintiff Joseph Scott Turner, who is confined in the Arizona State Prison

16  Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983

17  (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 2), and a Motion to

18  Appoint Counsel (Doc. 4).  The Court will dismiss the Complaint with leave to amend

19  and deny the Motion to Appoint Counsel without prejudice.

20  **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

21          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

22  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

23  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be

24  collected monthly in payments of 20% of the previous month's income credited to

25  Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C.

26  § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

27  agency to collect and forward the fees according to the statutory formula.

28

JDDL-K

1    **II.    Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

6    which relief may be granted, or that seek monetary relief from a defendant who is

7    immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

10   does not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

17   content that allows the court to draw the reasonable inference that the defendant is liable

18   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

19   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

20   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

21   specific factual allegations may be consistent with a constitutional claim, a court must

22   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

23   at 681.

24         But as the United States Court of Appeals for the Ninth Circuit has instructed,

25   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

26   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

27   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

28   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1        If the Court determines that a pleading could be cured by the allegation of other

2   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

4   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may

5   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

6   **III.   Complaint**

7        Plaintiff names Arizona Department of Corrections Director Charles L. Ryan as

8   Defendant in the Complaint and raises two claims for relief.

9        In Count One, Plaintiff claims his Eighth Amendment rights were violated when

10  he was denied protective custody after being assaulted by another inmate.  Plaintiff

11  claims that he was assaulted on September 27, 2013, and that he was returned to his unit

12  five months later and assaulted again.  Plaintiff states that he "told A.D.O.C. staff there

13  was still a threat to [his] safety."

14       In Count Two, Plaintiff alleges his Eighth Amendment rights were violated when,

15  after his first assault, he was placed in a watch cell for his safety but a sergeant

16  "obstructed" his request for protective custody.  Plaintiff claims the sergeant

17  "purposefully ignored [his] request and told him 'well you pissed a lot of people off

18  today, woulda [*sic*] pissed me off too, your little white dude with fighting Irish on his

19  chest."  Plaintiff claims he cannot return to general population.

20       Plaintiff seeks injunctive relief.

21  **IV.   Failure to State a Claim**

22       **A.   Defendant Ryan**

23       To state a valid claim under § 1983, plaintiffs must allege that they suffered a

24  specific injury as a result of specific conduct of a defendant and show an affirmative link

25  between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362,

26  371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and

27  therefore, a defendant's position as the supervisor of persons who allegedly violated

28  Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't*

1   *of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067

2   (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious

3   liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each

4   Government-official defendant, through the official's own individual actions, has

5   violated the Constitution." *Iqbal*, 556 U.S. at 676.

6        Plaintiff has not alleged that Defendant Ryan personally participated in a

7   deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to

8   act, or formed policies that resulted in Plaintiff's injuries; in fact Plaintiff has not alleged

9   any facts regarding Defendant Ryan.   Accordingly, Plaintiff has failed to state a claim

10   against Defendant Ryan.

11        **B.    Failure to Protect**

12        A prison official violates the Eighth Amendment in failing to protect one inmate

13   from another only when two conditions are met.   First, the alleged constitutional

14   deprivation must be, objectively, "sufficiently serious;" the official's act or omission

15   must result in the denial of "the minimal civilized measure of life's necessities." *Farmer*

16   *v. Brennan*, 511 U.S. 825, 834 (1994).   Second, the prison official must have a

17   "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to

18   inmate health or safety. *Id.*   In defining "deliberate indifference" in this context, the

19   Supreme Court has imposed a subjective test: "the official must *both* be aware of the

20   facts from which the inference could be drawn that a substantial risk of serious harm

21   exists, *and* he must also draw the inference." *Id.* at 839 (emphasis supplied).

22        In this case, Plaintiff has not alleged facts sufficient to demonstrate that a specific,

23   named Defendant was deliberately indifferent to a substantial risk of serious harm to

24   Plaintiff's safety.  Although Plaintiff alleges a detention sergeant "obstructed" his request

25   for protective custody, Plaintiff has not named the sergeant as a Defendant in the

26   Complaint.  Plaintiff has therefore failed to state a failure-to-protect claim.

27   **V.    Leave to Amend**

28        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to

1   state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a

2   first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will

3   mail Plaintiff a court-approved form to use for filing a first amended complaint.  If

4   Plaintiff fails to use the court-approved form, the Court may strike the amended

5   complaint and dismiss this action without further notice to Plaintiff.

6        Plaintiff must clearly designate on the face of the document that it is the "First

7   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

8   entirety on the court-approved form and may not incorporate any part of the original

9   Complaint by reference.  Plaintiff may include only one claim per count.

10        In each count, Plaintiff must write short, plain statements telling the Court: (1) the

11   constitutional right Plaintiff believes was violated; (2) the name of the Defendant who

12   violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action

13   or inaction of that Defendant is connected to the violation of Plaintiff's constitutional

14   right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.

15   *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

16        Plaintiff must repeat this process for each person he names as a Defendant.  If

17   Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific

18   injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for

19   failure to state a claim.  **Conclusory allegations that a Defendant or group of**

20   **Defendants has violated a constitutional right are not acceptable and will be**

21   **dismissed**.

22        A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

23   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

24   F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

25   complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

26   in the original complaint and that was voluntarily dismissed or was dismissed without

27   prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*

28   *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

1   **VI.     Motion for Appointment of Counsel**

2           There is no constitutional right to the appointment of counsel in a civil case.  *See*

3   *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).   In

4   proceedings *in forma pauperis*, the court may request an attorney to represent any person

5   unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.

6   § 1915(e)(1) is required only when "exceptional circumstances" are present.  *Terrell v.*

7   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).   A determination with respect to

8   exceptional circumstances requires an evaluation of the likelihood of success on the

9   merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

10  complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and

11  both must be viewed together before reaching a decision."   *Id.* (quoting *Wilborn v.*

12  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

13          Having considered both elements, it does not appear at this time that exceptional

14  circumstances are present that would require the appointment of counsel in this case.

15  Plaintiff is in no different position than many *pro se* prisoner litigants.  The Court will

16  deny without prejudice Plaintiff's Motion to Appoint Counsel.

17  **VII.    Warnings**

18          **A.     Release**

19          If Plaintiff is released while this case remains pending, and the filing fee has not

20  been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

21  that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

22  (2) file a non-prisoner application to proceed *in forma pauperis*.  Failure to comply may

23  result in dismissal of this action.

24          **B.     Address Changes**

25          Plaintiff must file and serve a notice of a change of address in accordance with

26  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

27  for other relief with a notice of change of address.  Failure to comply may result in

28  dismissal of this action.

1    **C.     Copies**

2    Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

3    LRCiv 5.4.  Failure to comply may result in the filing being stricken without further

4    notice to Plaintiff.

5    **D.     Possible "Strike"**

6    Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

7    fails to file an amended complaint correcting the deficiencies identified in this Order, the

8    dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

9    Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

10   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

11   prior occasions, while incarcerated or detained in any facility, brought an action or appeal

12   in a court of the United States that was dismissed on the grounds that it is frivolous,

13   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

14   is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

15   **E.     Possible Dismissal**

16   If Plaintiff fails to timely comply with every provision of this Order, including

17   these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

18   F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any

19   order of the Court).

20   **IT IS ORDERED:**

21   (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

22   (2)     As required by the accompanying Order to the appropriate government

23   agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

24   filing fee.

25   (3)     Plaintiff's Motion to Appoint Counsel (Doc. 4) is **denied**.

26   (3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff

27   has **30 days** from the date this Order is filed to file a first amended complaint in

28   compliance with this Order.

**JDDL-K**

- 7 -

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 23rd day of February, 2015.

_____
David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                    1

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:
U.S. District Court Clerk                               U.S. District Court Clerk
U.S. Courthouse, Suite 130                           U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10         405 West Congress Street
Phoenix, Arizona  85003-2119                       Tucson, Arizona  85701-5010

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>. You must exhaust any available administrative remedies before you file a civil rights complaint. <u>See</u> 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D. REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ ,<br>(Full Name of Plaintiff)    Plaintiff,<br><br>vs.<br><br>(1) _____ ,<br>(Full Name of Defendant)<br>(2) _____ ,<br><br>(3) _____ ,<br><br>(4) _____ ,<br>Defendant(s).<br>☐ Check if there are additional Defendants and attach page 1-A listing them. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 5/1/2013                                1                          **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____ at _____.
              (Position and Title)                                  (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____ at _____.
              (Position and Title)                                  (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____ at _____.
              (Position and Title)                                  (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____ at _____.
              (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
     1.  Parties: _____ v. _____
     2.  Court and case number: _____.
     3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
     _____.

   b.  Second prior lawsuit:
     1.  Parties: _____ v. _____
     2.  Court and case number: _____.
     3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
     _____.

   c.  Third prior lawsuit:
     1.  Parties: _____ v. _____
     2.  Court and case number: _____.
     3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
     _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
 ☐ Basic necessities  ☐ Mail  ☐ Access to the court  ☐ Medical care
 ☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
 ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
 a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☐ No
 b.   Did you submit a request for administrative relief on Count I?   ☐ Yes   ☐ No
 c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
 d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?              ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                           DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.